OPINION
{¶ 1} Appellant appeals his conviction on one count of retaliation tried before the Licking County Court of Common Pleas.
 {¶ 2} Appellee is the state of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The undisputed facts are as follows:
 {¶ 4} Appellant was being held at the Licking County Justice Center pending a felony charge of Failure of a Sex Offender to Register. One of the material elements of this charge was whether or not Appellant was authorized to live at any address other than 100 Hoover Street in Newark, Ohio.
 {¶ 5} On May 22, 2003, Appellant had a meeting with his attorney who provided him with some discovery which included a witness statement made by Austin Topp which stated that Appellant had left the 100 Hoover Street address.
 {¶ 6} Austin Topp was also an inmate at the Licking County Justice Center where Appellant was then being housed.
 {¶ 7} Immediately after his meeting with his attorney, Appellant approached Mr. Topp, who, according to Mr. Topp, had up to that time been his friend. (T. at 32). Appellant confronted Mr. Topp with regard to the statement he made to police, Mr. Topp denied same and the altercation ended with Appellant striking Mr. Topp. (T. at 41).
 {¶ 8} On May 29, 2003, Appellant was indicted on one count of Retaliation, in violation of R.C. § 2921.05.
 {¶ 9} Appellant waived his right to a trial by jury and this matter was tried before the bench on August 11, 2003.
 {¶ 10} At trial, the court heard testimony from two police officers who observed the altercation between Appellant and Mr. Topp. Deputy Hufford testified he escorted Appellant back to housing module after his interview with attorney and that during such time Appellant communicated to him that Austin Topp had made a statement in the case pending against him and that he was upset about same. (T. at 11). Appellant showed the deputy the discovery which was provided to him by his attorney, including Austin Topp's statement. (T. at 12).
 {¶ 11} Deputy Hufford further testified that upon entering the housing module, Appellant walked directly over to Mr. Topp and said "Look, you made a statement against me." He also observed Appellant strike Mr. Topp. Id.
 {¶ 12} Officer Rushmore also testified to witnessing the altercation between Appellant and Austin Topp upon Appellant's return from his interview with attorney. (T. at 20-21). He testified that Appellant threw a packet of papers down to Mr. Topp and said "Read it, motherf____r". (T. at 21). He also testified that he then witnessed Appellant strike Mr. Topp. Id.
 {¶ 13} Appellant also testified at trial and stated that the reason he struck Mr. Topp was because he lied about the theft of the CD's, not because Mr. Topp made a witness statement in a criminal case pending against him. (T. at 38-39).
 {¶ 14} After considering the evidence and arguments of counsel, the court found Appellant guilty of retaliation as charged in the indictment.
 {¶ 15} On August 14, 2003, Appellant was sentenced to two years incarceration to be served consecutively to his sentence in Licking County Common Pleas Court Case No. 02 CR 00486.
 {¶ 16} It is from this conviction and sentence that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 17} "The trial court committed harmful error in finding the defendant-appellant guilty of retaliation as the conviction of the defendant-appellant is not supported by credible evidence sufficient to sustain or warrant same."
 I. {¶ 18} In his sole assignment of error, Appellant argues that the evidence was not sufficient to support his conviction. We disagree.
 {¶ 19} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 20} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
 {¶ 21} When applying the aforementioned standard of review to the case sub judice, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
 {¶ 22} Appellant was charged with one count of retaliation, a violation of R.C. § 2921.05(A), which reads as follows:
 {¶ 23} "(A) No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness.
 {¶ 24} "(B) No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against the victim of a crime because the victim filed or prosecuted criminal charges.
 {¶ 25} "(C) Whoever violates this section is guilty of retaliation, a felony of the third degree."
 {¶ 26} Upon review, we find that Mr. Topp did make a statement in a case pending against Appellant. Appellant argues that he was not upset with Mr. Topp because he stated that Appellant had left the Hoover Street address but was instead angry because his statement said that Appellant had stolen some CD's from him.
 {¶ 27} We find that the trial court as the trier of fact was in the best position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 28} Upon review of the record, based on the testimony provided at trial and referred to supra, we find that the trial court could have found that the state of Ohio proved the essential elements of the crime beyond a reasonable doubt.
 {¶ 29} Appellant's sole assignment of error is overruled.
 {¶ 30} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Boggins, J. Gwin, P.J. and Edwards, J. concur